

F I L E D

DEC 1 6 2015

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| Kevin Winston<br><br>         **Plaintiff,**<br><br>v.<br><br>Security Business Archives, Inc.,<br>Michael Lindsey, and David Young<br><br>         **Defendants.** | CIVIL ACTION NO. 3:15 cv694 |

## COMPLAINT

Plaintiff, Kevin Winston, ("Plaintiff" or "Winston"), by counsel, for his Complaint against the Defendants, Security Business Archives, Inc., ("SBA"), Michael Lindsey, ("Lindsey"), and David Young, ("Young"), (collectively "Defendant"), alleges as follows:

1. This is a civil action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 - 4335 ("USERRA").

### Jurisdiction and Venue

2. This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323(b).

3. Venue is proper in this judicial district under 38 U.S.C. § 4323(c) and 28 U.S.C. § 1391(b). A substantial part of the events giving rise to this suit occurred in this judicial district and division.

### Parties

4. Winston was formerly employed by Defendant as a courier. Winston was an

1

"employee" as defined by USERRA.

5.     SBA is a Virginia corporation that does business in Richmond, Virginia. SBA meets the definition of "employer" within the meaning of 38 U.S.C. § 4303(4)(A).

6.     Upon information and belief, Lindsey is a General Manager with SBA working out of SBA's Richmond office. Lindsey meets the definition of "employer" within the meaning of 38 U.S.C. § 4303(4)(A).

7.     Upon information and belief, Young is the President, CEO, and Principal of SBA. Young controls the administration of the business of SBA and has control over employment opportunities at SBA. Young meets the definition of "employer" within the meaning of 38 U.S.C. § 4303(4)(A).

8.     SBA, Lindsey, and Young are jointly and severally liable for all claims herein.

### Factual Allegations

9.     SBA hired Winston in or around April 2004 as a courier at a rate of $10 per hour. Winston's most recent rate of pay with SBA was $11.25 per hour. It is reasonably certain that Winston would have received similar pay increases if not for his absence due to military leave. Winston was a full-time employee who often worked overtime and received overtime pay.

10.     In or around June 2005, Winston received orders from the Department of the Army to report to Fort Jackson, South Carolina for Active Duty Training School. Shortly after receiving his orders, Winston informed his employer of his assignment and provided a copy of his orders. While at Fort Jackson, Winston's orders were extended several times. Each time his orders were extended, Winston informed his employer.

11.     At the time Winston left SBA to report for military duty, SBA employed between three and six couriers.

2

12.     While at Active Duty Training School, Winston received orders for involuntary deployment to Afghanistan in support of Operation Enduring Freedom. Winston informed his employer that he was being deployed and provided a copy of his orders.

13.     Winston remained on active duty from in or around July 2005 until in or around May 2011. However, most, if not all, of Winston's military service time was exempt from the five year cumulative service limit on USERRA's reemployment rights under 38 U.S.C. § 4312(c)(4)(B).

14.     In or around March 2011, while still on active duty, Winston informed his employer that he intended to return to work once he was released from active duty and asked to be reinstated.

15.     Winston remained on active duty with the Army until in or around May 2011 when he retired with the rank of Staff Sergeant and received an honorable discharge.

16.     In or around July 2011, Winston went to SBA to ask for reinstatement. He spoke with a Human Resources representative, but was not allowed to enter the building and was told he needed to fill out an application. Winston explained that he was an employee of SBA who was returning from military duty and wanted to be reinstated. However, SBA insisted that he needed to reapply. Winston completed and submitted the application, but was not offered a job and was told that SBA was not hiring any new employees.

17.     For the next year, Winston continued to follow up with SBA and asked to be reinstated on numerous occasions without success.

18.     Despite being rebuffed on his many attempts at reinstatement, in or around March 2012, Winston was finally able to speak with Lindsey, the General Manager at SBA. Winston explained to Lindsey that he was employed by SBA and was seeking reinstatement following

military leave. Lindsey told Winston that SBA was not hiring and would not reinstate him. Winston called Lindsey several times after that conversation to seek reinstatement, but Lindsey refused to answer his calls.

19.     Upon information and belief, since March 2011, SBA has employed at least one courier who was hired after Winston left on military leave.

20.     In or around November 2012, Winston submitted a complaint to the U.S. Department of Labor, Veterans' Employment & Training Service ("DOL VETS"). DOL VETS investigated Winston's complaint and in or around February 2013, it determined that Winston's claims were meritorious. DOL VETS found that Winston had provided his employer with proper notification of his military leave, that SBA had failed to reinstate Winston following his return from military service in violation of USERRA, and that Winston was entitled to reinstatement and lost wages. However, despite a finding by DOL VETS that Winston should be reinstated, SBA still refused to reinstate him.

21.     Following his return from military service, Winston, on his own and through DOL VETS, sought to have SBA correct its unlawful actions and restore his employment, but SBA ignored him and failed to respond to his requests for corrective action.

22.     Defendant has violated Sections 4311, 4312, and 4313 of USERRA by, among other ways, failing to promptly reemploy Winston to either the position he would have held had his employment not been interrupted by military service, or to a position of like seniority, status and pay.

23.     Defendant's violations of USERRA were willful within the meaning of Section 4323(d)(1)(C) of USERRA, and were knowing violations of, or actions taken in reckless disregard of, the obligations imposed by USERRA.

4

24. Because of Defendant's conduct, Winston has suffered damages, including lost wages and benefits, in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Winston prays that the Court enter judgment against Defendant as follows:

A. Declare that Defendant's failure to promptly reemploy Winston to either the position he would have held had his employment not been interrupted by his military service, or to a position of like seniority, status and pay following his return from military leave was a violation of USERRA;

B. Require that Defendant fully comply with the provisions of USERRA, and pay Winston for lost wages and benefits suffered by reason of Defendant's failure or refusal to comply with USERRA;

C. Order Defendant to fully comply with the provisions of USERRA and reinstate Winston in a position of like seniority, status and pay to the position that he would have attained had he remained employed continuously with Defendant and had not served in the military; or,

D. In the alternative to reinstatement, award Winston front pay for wages and benefits in an amount equal to what he would have been entitled to receive absent Defendant's failure to reinstate Winston to a position of like seniority, status and pay following his return from military leave; and,

E. Award Winston liquidated damages equal in amount to any loss of wages or benefits suffered by reason of Defendant's failure to comply with the provisions of USERRA;

F. Enjoin Defendant from taking any action against Winston that fails to comply with the provisions of USERRA;

5

G.    Award Winston his reasonable attorney fees, expert witness fees, and other litigation expenses;

H.    Award Winston any prejudgment interest on the amount of lost wages and benefits found due; and

I.    Grant such other and further relief as may be just and proper together with the costs and disbursements of this lawsuit.

Plaintiff respectfully demands **TRIAL BY JURY**.

Respectfully submitted,
**KEVIN WINSTON**
Plaintiff

By:         
Craig Juraj Curwood (VSB No. 43975)
Philip Justus Dean (VSB No. 86335)
Attorneys for Plaintiff
Curwood Law Firm
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
ccurwood@curwoodlaw.com
pdean@curwoodlaw.com

6